Josif HAMILTON, Plaintiff–Appellant,

Janina Frendak, Raisa Tkach, Consolidated–Plaintiffs,

v.

MOUNT SINAI HOSPITAL, Defendant–Appellee.

No. 08–0623–cv.

United States Court of Appeals, Second Circuit.

June 19, 2009.

Josif Hamilton, pro se.

David Marshall, Edwards Angell Palmer & Dodge LLP, New York, NY, for Appellee.

PRESENT: Hon. GUIDO CALABRESI and Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. ERIC N. VITALIANO,* District Judge.

### *SUMMARY ORDER*

Plaintiff–Appellant Josif Hamilton, *pro se,* appeals from the judgment of the United States District Court for the Southern District of New York (Swain, *J.*), granting summary judgment to Appellee on Appellant's age discrimination in employment claims. We assume the parties' familiarity with the facts and procedural history.

---

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). Furthermore, if as here, the district court's judgment is grounded upon the recommendation of a magistrate judge and if the magistrate judge's report states that failure to object will preclude appellate review and no objection is made within the allotted time, then the failure to object generally operates as a waiver of the right to appellate review. *See DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir.2000). As long as adequate notice is provided, the rule also applies to *pro se* parties. *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2d Cir.1989) (*per curiam*).

Because Appellant did not object to the magistrate judge's report and recommendation, appellate review is barred unless we excuse the default in the interests of justice. *Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). However, the district court correctly granted summary judgment, as Appellant failed to establish that the reason for his termination was a pretext for age discrimination. *See Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254–55, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *De La Cruz v. New York City Human Resources Administration Dept. of Social Svc.*, 82 F.3d 16, 20 (2d Cir.1996). Thus, the appeal is without merit, and we need not excuse Appellant's failure to object.

We have reviewed Appellant's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.